UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE RUSSELL REIFF, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 14-cv-1413 (TSC) |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This action arises from a tax dispute between Plaintiffs George Russell Reiff, Jr. and Amy Reiff and the IRS that was previously litigated in the United States Tax Court. Plaintiffs purport to not challenge the Tax Court decision directly, but instead challenge the actions of two IRS employees in connection with the Tax Court case and a related administrative proceeding. Plaintiffs bring numerous claims against the United States of America under the Federal Tort Claims Act ("FTCA") and against the IRS employees in their individual capacities under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Defendants move to dismiss the Complaint on a variety of grounds, including that this court lacks subject matter jurisdiction and that Plaintiffs have failed to state a claim upon which relief may be granted. Because the FTCA does not waive the United States' sovereign immunity with respect to tax assessment or collection matters, and because the Internal Revenue Code provides a comprehensive remedial scheme which precludes *Bivens* actions against IRS employees under these circumstances, Defendants' motion to dismiss is granted.

I.  **BACKGROUND**

The following facts taken from the Complaint are assumed to be true on a motion to dismiss. At some point, the Reiffs became parties to a Tax Court proceeding. In connection with that proceeding, plaintiff Amy Reiff filed a motion to approve an Innocent Spouse Relief Request ("ISRR"). (Compl. ¶ 24). An "innocent spouse" request seeks relief from joint tax liability pursuant to the spousal relief provisions of the Internal Revenue Code. 26 U.S.C. § 6015. After receiving the ISRR motion, counsel for the IRS filed a motion for continuance of trial to allow the IRS to process the ISRR administratively before the Tax Court ruled on the motion. (Compl. Ex. 1). Although the motion for continuance indicates that the IRS was not aware of Plaintiffs' position on their motion, Plaintiffs now claim they did not oppose the motion, that they signed the motion (even though no signature is present on the motion), and that it is a "negotiated written agreement" between the parties which created numerous duties that the IRS later breached. (Compl. ¶¶ 25, 35, Ex. 1).

As part of the administrative processing of the ISRR, Sharon Casey, an employee at the IRS's Centralized Innocent Spouse Operations ("CISO") office which handles ISRR determinations, sent Amy Reiff a letter requesting that she complete and submit Form 8857— Request for Innocent Spouse Relief. Casey also requested that George Reiff complete Form 12508 in connection with the ISRR. (Compl. ¶ 27). Plaintiffs responded via letter the next month and refused to submit the two required forms, arguing that the administrative record was already sufficient for CISO to make its ISRR determination. (Compl. Ex. 3). Plaintiffs also raised a number of questions and concerns it asked the CISO to address. According to Plaintiffs, they never received a response to their letter. Only after the Tax Court re-noticed the case for trial eight months later did Adam Sweet, the IRS's attorney in the Tax Court proceeding, notify

Plaintiffs that "Mrs. Reiff was not responsive to the Appeals division when they asked her for information. Accordingly, her request for relief was denied." (Compl. Ex. 4). Plaintiffs sent another letter to the IRS asking why they were never notified of the decision and alleging various improprieties, which was similarly ignored.

Plaintiffs now challenge Casey and Sweet's actions during the ISRR administrative proceeding as tortious, unconstitutional, in violation of due process, and abusive of discretionary authority. Plaintiffs take pains to make clear that they challenge only the ISRR determination made by the CISO, and not any issues related to the Tax Court proceeding directly. This is likely because the Plaintiffs already raised similar issues in the Tax Court and lost. In that case, Plaintiffs brought a motion for sanctions against Defendant Sweet for his failure to properly consider the ISRR application, which the Tax Court denied as "groundless" because "[o]n the record presented, the Court is satisfied that CISO and respondent's counsel acted properly at all times in this case and made a good faith effort to fully develop and evaluate Mrs. Reiff's claim." (Mot. 4). Because the Tax Court reviewed the IRS's ISRR determination *de novo*, "petitioners had a full and fair opportunity to prosecute Mrs. Reiff's claim for spousal relief"—a claim that was denied by the Tax Court in part for the Reiffs' failure to provide the requisite financial information. (*Id.*).

## II.   LEGAL STANDARD

### a. Motion to Dismiss Pursuant to Rule 12(b)(1)

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" *Am. Nat'l Ins. Co. v. FDIC,* 642 F.3d 1137, 1139 (D.C. Cir.

2011) (quoting *Thomas v. Principi,* 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States,* 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States,* 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). The court "is not limited to the allegations of the complaint." *Hohri v. United States,* 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds,* 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics,* 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)). Courts may raise issues of subject matter jurisdiction *sua sponte*, regardless of whether the parties contest the court's jurisdiction. *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008).

      b. <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Although a plaintiff may survive a Rule 12(b)(6) motion even where "recovery is very remote and unlikely[,]" the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal quotation marks and citation omitted). Moreover, a pleading must offer more than "labels and conclusions" or a "formulaic recitation of

the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). It is well established that "[c]ourts must construe *pro se* filings liberally." *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers"). However, if the facts as alleged, which must be taken as true, nonetheless fail to establish that a *pro se* plaintiff has stated a claim upon which relief can be granted, the Rule 12(b)(6) motion must be granted. *See, e.g., Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

### III. ANALYSIS

#### a. FTCA Claims

Plaintiffs bring four claims under the FTCA. Counts 1 and 2 allege that the IRS's failure to respond to the Reiffs' two letters during the ISRR administrative proceeding violated the "negotiated written agreement" (*i.e.*, the motion for continuance in the Tax Court proceeding) and constituted "negligent tortious conduct." Count 3 alleges that the IRS violated the "negotiated written agreement" by failing to timely notify Plaintiffs of the ISRR determination. Count 4 alleges that the IRS tortiously failed to notify Plaintiffs that the ISRR administrative file had been transferred from CISO to Sweet for purposes of the Tax Court proceeding.

The United States can only be sued if it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA is one example of such a waiver—it sets out the particular circumstances in which plaintiffs are permitted to sue the United States for common law torts. 28 U.S.C. §§ 2671-80. The waiver of sovereign immunity in the FTCA is subject to certain enumerated exceptions. 28 U.S.C. § 2680. "If one of the FTCA's exceptions applies to a claim for relief against the government, that claim cannot be maintained under the

FTCA," and the court lacks subject matter jurisdiction over that claim. *Van Sant v. United States*, No. 96-309, 1996 WL 627438, at *1-2 (D.D.C. Aug. 7, 1996), *aff'd*, No. 96-5299, 1997 WL 404965 (D.C. Cir. July 2, 1997).

One of these exceptions states that "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c). This exception has consistently been interpreted "as demonstrating a congressional intent to exclude most tort actions involving IRS agents from the FTCA's waiver of sovereign immunity." *Starling v. United States*, No. 93-1132, 1994 WL 706072, at *1 (D.D.C. Sept. 26, 1994). "'Congress retained the United States' sovereign immunity for any claim *in respect of* the assessment or collection of taxes. This language is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties.'" *Childress v. Northrop Corp.*, 618 F. Supp. 44, 49 (D.D.C. 1985) (quoting *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981) (emphasis in original)), *aff'd*, 784 F.2d 1131 (D.C. Cir. 1986); *Clark Cnty. Bancorporation v. U.S. Dep't of Treasury*, No. 13-632, 2014 WL 5140004, at *11 (D.D.C. Sept. 19, 2014). The exception applies with particular force where the IRS is attempting to collect a specific debt from a specific taxpayer. *See Perkins v. United States*, 55 F.3d 910, 915 (4th Cir. 1995) ("In cases in which a specific tax debt of a specific taxpayer is at issue, the exemption immunizes the IRS from suit for activities that are even remotely related to the tax assessment or collection.").

Based on the facts alleged in the Complaint, Plaintiffs' FTCA claims fall within the tax exception to the FTCA, meaning the United States has not waived its sovereign immunity with respect to those claims, and this court has no subject matter jurisdiction to hear them. The Reiffs owe some unspecified tax deficiency, which is presumably what led to the Tax Court proceeding.

Amy Reiff sought to relieve herself of liability with respect to this deficiency pursuant to an ISRR, and the Plaintiffs challenge the IRS's handling of that ISRR. This is clearly a claim "arising in respect of the assessment or collection of any tax." The actions (or inactions) taken by Sweet and Casey are official actions of IRS employees related to the assessment or collection of a tax—the Reiffs owed taxes, Amy Reiff challenged her liability, and the IRS made an administrative determination with respect to Plaintiffs' tax liability. Given the broad scope of the exception, this case falls easily within its ambit.

  Plaintiffs marshal two arguments to resist this result. First, Plaintiffs argue that Sweet and Casey are not IRS "agents," meaning the exception does not apply. Plaintiffs offer no legal support for this contention, which is not supported by the text of the FTCA exception (which makes no reference to IRS "agents"). Even if Casey and Sweet did need to be agents for the exception to apply, the record suggests they are. Casey works in the Centralized Innocent Spouse Operations unit, which determines the liability of potentially innocent spouses. (Def. Mot. 2). There is no evidence indicating she is not an IRS agent. Sweet litigates in front of the Tax Court on behalf of the IRS with the intention of collecting taxes owed—the same purpose as any other IRS agent. Further, as Defendants note, an employee can be construed as an agent. Restatement (Third) of Agency § 7.07(3)(a) (2006) ("[A]n employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work."); *Perkins*, 55 F.3d at 915 (referencing "IRS officer").

  Second, Plaintiffs argue that the ISRR administrative proceeding did not occur in the context of assessment or collection, but instead was a "determination," meaning the tax exception does not apply. Once again, Plaintiffs offer no legal support for this argument, and other courts have expressly rejected it. For example, the Fifth Circuit considered an argument by

plaintiffs in *Capozzoli v. Tracey* that "the activities of the IRS fall into three distinct categories: 'determination,' 'assessment' and 'collection' of taxes. Plaintiffs contend that Agent Tracey's activities were limited to 'determining' the Capozzolis' taxes, and that his job involved neither 'assessment' nor 'collection.'" *Capozzoli v. Tracey*, 663 F.2d 654, 657 (5th Cir. 1981). The court rejected that argument, finding that "Plaintiffs cannot point to any provision of the Code which would support their tripartite division of the IRS's functions" and that there was no "suggestion that the 'determination' of taxes is separate from or unrelated to the overall process of assessing and collecting taxes." *Id.* Even if "determination" was so distinct, there was "nothing to show that the language of Section 2680(c) was intended by Congress to track, incorporate or refer to the Code's supposed tripartite division. On the contrary, we find that, in enacting Section 2680(c) of the FTCA, Congress intended to insulate the IRS from tort liability stemming from any of its revenue-raising activities." *Id.* The Supreme Court, interpreting identical language in a similar provision, came to a similar result in *Bob Jones University v. Simon*, 416 U.S. 725, 738-42 (1974)—that "assessment or collection" is broadly construed. As the *Capozzoli* court held, and this court agrees, the FTCA tax exception "reflect[s] the government's strong interest in protecting the administration of its tax system from the burden of constant litigation. This interest would be completely frustrated if we were to read Section 2680(c) as providing an immunity for only certain narrowly defined activities of the IRS." *Capozzoli*, 663 F.2d at 657.[1]

---

[1] This is in some tension with cases holding that a provision in the Taxpayer Bill of Rights that waives sovereign immunity with respect to "any collection of Federal tax" does not include assessments or determinations. *See Kim v. United States*, 632 F.3d 713, 716-17 (D.C. Cir. 2011) ("Section 7433 applies only to collection-related activities. *See Miller v. United States,* 66 F.3d 220, 222-23 (9th Cir. 1995) ('[T]he assessment or tax determination part of the [Internal Revenue Code enforcement] process is not an act of 'collection' and therefore, not actionable under § 7433.')"); *Morrow v. United States*, 723 F. Supp. 2d 71, 80 (D.D.C. 2010) ("[Section] 7433 waives sovereign immunity only insofar as it pertains to tax *collection* activities, and does not provide a cause of action for wrongful tax assessment or other actions not specifically related to the collection of federal tax.") (emphasis in original). These cases can be distinguished on at least two grounds. First, the Taxpayer Bill of Rights speaks only of "any

      b. *Bivens* Claims

Counts 5-11 of the Complaint are factually similar to Counts 1-4, but are brought against Casey and Sweet in their individual capacities under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Under *Bivens,* federal courts "have discretion in some circumstances to create a remedy against federal officials for constitutional violations." *Wilson v. Libby*, 535 F.3d 697, 704 (D.C. Cir. 2008). However, the Supreme Court has cautioned against undue expansion of *Bivens*. *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988). *Bivens* remedies are not to be created "where special factors counsel hesitation in doing so." *Wilson*, 535 F.3d at 704 (internal quotation marks and alterations omitted). "One 'special factor' that precludes creation of a *Bivens* remedy is the existence of a comprehensive remedial scheme." *Id.* at 705; *see also Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988) ("courts must withhold their power to fashion damages remedies when Congress has put in place a comprehensive system to administer public rights, has 'not inadvertently' omitted damages remedies for certain claimants, and has not plainly expressed an intention that the courts preserve *Bivens* remedies.").

Courts have repeatedly found that the Internal Revenue Code is a comprehensive remedial scheme that precludes a *Bivens* remedy. *See Kim v. United States*, 632 F.3d 713, 717-18 (D.C. Cir. 2011) (agreeing with the district court's holding that "no *Bivens* remedy was available in light of the comprehensive remedial scheme set forth by the Internal Revenue Code."); *Kim v. United States*, 618 F. Supp. 2d 31, 38-40 (D.D.C. 2009), *aff'd in part, rev'd in part on other grounds*, 632 F.3d 713 (D.C. Cir. 2011) ("almost every circuit court that has

---

collection of Federal tax," whereas the FTCA exception encompasses "the assessment or collection of any tax"—a facially broader category. In addition, section 7433 of the Taxpayer Bill of Rights is a waiver of sovereign immunity, meaning the courts interpreting that provision construe it narrowly. *See Buaiz v. United States*, 471 F. Supp. 2d 129, 135 (D.D.C. 2007) (in the context of interpreting section 7433, the court explained that "[w]aivers of sovereign immunity are strictly construed and any doubt or ambiguity is resolved in favor of immunity."). By contrast, the provision here is an exception to a waiver of sovereign immunity, meaning it is interpreted more broadly to serve the same purpose: so "that any doubt or ambiguity is resolved in favor of immunity."

[considered the issue] has concluded that the [Internal Revenue Code] is a 'comprehensive statutory remedial scheme' that precludes creation of a *Bivens* action . . . Similarly, lower courts in this jurisdiction have, for the same reasons, declined to create a *Bivens* remedy to redress injuries alleged by other tax protesters, like Plaintiffs, who allege due process violations stemming from purported violations of the [Internal Revenue Code]."); *True the Vote, Inc. v. IRS*, No. 13-734, 2014 WL 5395036, at *7-8 (D.D.C. Oct. 23, 2014). Therefore, because there is no *Bivens* remedy available for claims against Sweet and Casey for their alleged conduct related to the ISRR determination, Counts 5-11 must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Kim*, 632 F.3d at 717-18 (D.C. Cir. 2011) (endorsing the district court's dismissal on 12(b)(6), rather than 12(b)(1), grounds).

Plaintiffs challenge this conclusion on two grounds. First, Plaintiffs reiterate the difference between a tax "determination" and "assessment or collection," although it is unclear what difference this makes in the *Bivens* analysis. The Internal Revenue Code, which includes tax determinations, assessments, and collection, provides a comprehensive remedial scheme, and the asserted distinction between IRS activities makes no difference here.

Second, Plaintiffs argue that because the Internal Revenue Code does not provide full relief for their tort and constitutional claims, it cannot be deemed a comprehensive remedial scheme for *Bivens* purposes. As a threshold matter, Plaintiffs' claim that they have no remedy is dubious. Plaintiffs' claims arise out of various alleged improprieties in the IRS's handling of Amy Reiff's spousal relief request. Congress has provided an avenue for relief for taxpayers unhappy with their results at the IRS: *de novo* review by the Tax Court, which Plaintiffs pursued, to no avail.[2] That the Tax Court found against them does not mean Plaintiffs were deprived of a

---

[2] Plaintiffs also have other remedies under the Code. *See, e.g.*, 26 U.S.C. § 6673(a)(2) (permitting the Tax Court to impose penalties for certain attorney misconduct).

remedy for the IRS's allegedly faulty handling of Amy Reiff's request.  In any event, the *Bivens* analysis does not turn on whether the comprehensive remedial scheme offers remedies that make the plaintiff whole.  As the district court in *Kim* explained, "even assuming that Plaintiffs are correct that no remedy is available for their particular injuries under the [Internal Revenue Code], it is well established that 'a comprehensive statutory scheme precludes a *Bivens* remedy even when the scheme provides the plaintiff with no remedy whatsoever.'  It is 'the comprehensiveness of the statutory scheme involved, not the adequacy of specific remedies extended thereunder, that counsels judicial abstention.'"  *Kim*, 618 F. Supp. 2d at 38-40 (internal quotation marks and citations omitted).  The D.C. Circuit affirmed this analysis, *Kim*, 632 F.3d at 717-18, and this court has not been provided any reason to deviate from it.

## IV.  CONCLUSION

For the foregoing reasons, the motion to dismiss is granted and Plaintiffs' claims are dismissed without prejudice.  The court need not address Defendants' other bases for dismissal.  An appropriate Order accompanies this Memorandum Opinion.

Date:  June 3, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge